PHILIP A. SCHEIFELE and CHARLES RICKER, appellants.

*v.*

HENRY SCHMITZ, respondent,

As between a mortgagee of a brewery and a subsequent judgment creditor of the mortgagor, a steam-engine and boiler, the beer kettle and connecting pipes, the cooler, the malt-mill, the mash-tub and two pumps connected therewith, the wind-mill and its attachments, and all the machinery connected with the gearing by cogs (but not that connected by belting) were held to be fixtures.

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following conclusions.

This bill was filed to obtain an injunction, directed to the sheriff, restraining him from making sale of certain articles levied upon by him as personal property, which were used in a brewery, and were constructed and placed therein at the time of the erection of the brewery building itself, and were and are essential to the successful brewing of malt liquors. The complainant is mortgagee, and his mortgage is entitled to priority over the judgment upon which the execution in the sheriff's hands issued, to the extent that the articles in dispute may properly be considered as part of the real estate because they are fixtures.

Scheifele *v.* Schmitz.

The land upon which the present building stands was sold and conveyed to the mortgagor by the mortgagee, and $11,000 of the purchase-money was secured to the vendor by the vendee. Before that mortgage or any part of it was paid, the brewery and fixtures and all other appliances were destroyed by fire. There was an insurance of $3,000. The company was willing that that should be devoted to the construction of a new brewery, to which the mortgagee assented and accepted a new mortgage in place of the former for $7,000. This mortgage was recorded only as a mortgage of real estate.

Whatever might be the rights of the mortgagee as against the mortgagor, he can only hold those articles which are attached to the freehold in such a manner as to be regarded fixtures within the purview of the decisions in this state, whether they be necessary to the successful manufacture of beer in that particular establishment or not, as against a judgment creditor who has seized upon them by his execution. The true doctrine is laid down by the court of errors and appeals in the case of the *Penn. Mutual Ins. Co.* v. *Semple, 11 Stew. Eq. 578*, which is but a repetition of former declarations of the same tribunal. Following that case, I must adjudge the steam-engine and boiler, the copper beer kettle, all the copper and iron pipes running from the engine and pump and supplying hot and cold water and steam, the iron flat cooler, the malt-mill, the mash-tub, the two pumps, and appurtenances necessary to their successful operation, the wind-mill, and attachments necessary to its proper use, the plunger, and one iron elevator to be fixtures. The other articles, though cumbersome, remain in position by their own weight, and if otherwise connected with the freehold, are but slightly so connected. It is true, the large mash-tub rests in position by its own weight, but the testimony is that it is connected with a large shaft in the centre of it, and thereby with the gearing below, and so I think distinguished from machinery supported by its own weight or slight attachments and connected with the gearing by means of belting simply. If I understand the cases aright, all gearing and shafting and

Scheifele *v.* Schmitz.

all · machinery immediately connected therewith, and operated thereby, and not operated by belting, is regarded as much a part of the realty as the gearing or shafting.

The complainant's counsel insisted that the rule laid down by the chancellor in *Del., L. & W. R. R. Co.* v. *Oxford Iron Co., 9 Stew. Eq. 452,* should control this case, and give to the mortgagee a prior lien upon all the other heavy articles; but the contest in that case was not between a mortgagee and a judgment creditor. There the receiver of an insolvent corporation was before the court on his own motion asking for instructions with respect to his duty in disposing of property which was included in the mortgage. The land was not only mortgaged, but the machinery as well, and although that was the case precisely in *Penn Mutual Ins. Co.* v. *Semple, ubi supra,* the court of errors and appeals gave to the judgment creditor all the machinery which either rested by its own weight or was slightly secured to the floor by screws or bolts.

I will advise a decree in accordance with these views. The injunction should go according to the extent above indicated.

*Mr. S. E. Perry,* for appellants.

*Messrs. Slape & Stephany,* for respondent.

PER CURIAM.

This decree unanimously affirmed for the foregoing reasons given by the vice-chancellor.